UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

RADAMES ACOSTA,
            Petitioner,

-against-

SUPERINTENDENT D. ROCK.

            Respondent.

---------------------------------------------------------------- X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 29 2011 ★
BROOKLYN OFFICE

NO. 11-CV-1071(ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

The court has received pro se petitioner's motions requesting additional discovery and a stay and abeyance of petitioner's § 2254 petition, or in the alternative, an extension of time in which to file his reply. For the reasons set forth below, petitioner's motions for a stay and for additional discovery are denied. While a reply is not necessary, the court grants in part petitioner's application for an extension to file a reply.

## I. Background

Petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2254 challenging his November 8, 2007 judgment of conviction in Queens County, New York, of first and second degree robbery, grand larceny in the fourth degree, two counts of criminal possession of stolen property in the fourth degree, unauthorized use of a vehicle in the third degree and criminal possession of a weapon in the fourth degree, for which he was sentenced to a term of twelve years imprisonment. In his petition timely filed on February 22, 2010, petitioner raised two grounds for habeas relief: (1) that the trial court erred in summarily denying petitioner's motion to suppress physical evidence without a hearing; and (2) that petitioner's due process rights were

1

violated when the trial court refused to give an adverse inference charge to the jury concerning missing video surveillance. Petitioner now seeks, after respondent has filed its memorandum in response as well as the record, additional discovery and a stay in order to exhaust claims not previously raised in his petition.

## II. Discussion

### A. Stay and Abeyance

Before this court rules on the merits of his petition, petitioner seeks a stay and abeyance in order to properly exhaust, via writ of error coram nobis, claims for ineffectiveness of his state appellate counsel. Because petitioner's application for a stay seeks leave to exhaust claims not raised in his original petition, this court liberally construes petitioner's application as also seeking leave to amend his § 2254 petition. See Littlejohn v. Artuz, 271 F.3d 360 (2d Cir. 2001). Specifically, petitioner argues that his state appellate counsel failed to argue (1) that his trial counsel was ineffective in failing to preserve petitioner's Confrontation Clause claim and (2) that the prosecution failed to adequately preserve relevant video surveillance before trial. The court finds that plaintiff's additional proposed claims are time-barred by AEDPA's statute of limitations and are therefore utterly without merit. The court, therefore, denies petitioner leave to amend his original petition and his application for a stay and abeyance.

Under the AEDPA statute of limitations, the one-year time period for filing a federal habeas corpus petition starts to run when the conviction becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If an appellant does not petition the United States Supreme Court for certiorari, his judgment of conviction becomes final 90 days after the New York Court of Appeals denies leave to appeal. The New York Court of Appeals denied petitioner's leave to appeal on June 22, 2010.

Petitioner's one-year period to file his habeas corpus petition therefore expired on September 20, 2011. To the extent petitioner is now attempting to amend his petition to add new claims, such claims are time-barred unless they "relate back" to his original petition filed within the statute of limitations. Mayle v. Felix, 545 U.S. 644, 656 (2005). New claims, however, only "relate back" to the original petition where "a common core of operative facts" unite the original and newly asserted claims. Id. at 664. The "relation back" doctrine has been narrowly construed, and is not available "merely because the proposed claims relate to the same trial, conviction, or sentence as the original petition." Williams v. Ercole, CV-09-0363 (SJF), 2009 U.S. Dist. LEXIS 58495, at *10 (E.D.N.Y. July 7, 2009) (citing Mayle, 545 U.S. at 662-64).

Plaintiff's proposed additional claims are discrete from the original petition and do not arise out of a "common core of operative facts." Whereas petitioner's original claims rely on errors committed by the trial court and are based in the trial record, the predicate facts underlying petitioner's new claims arise out of the appellate brief filed by his appellate counsel and the facts surrounding the diligence of his appellate counsel's investigation. See e.g., Williams, 2009 U.S. Dist. LEXIS 58495, at * 10 (holding that relation-back doctrine did not apply because petitioner's new claims of ineffectiveness assistance of appellate counsel were discrete from original petition alleging trial errors); Wager v. Ercole, 06 Civ. 814 (GBD)(HBP), 2009 U.S. Dist. LEXIS 50060, at *6-7 (S.D.N.Y. June 12, 2009) (same). Because petitioner's proposed claims cannot "relate back" to the claims raised in his original petition, and AEDPA's statute of limitations has since lapsed,[1] petitioner's proposed additional grounds for habeas relief are

---

[1] Petitioner raises no grounds on which the statute of limitations should be equitably tolled, which is only available in "rare and exceptional circumstance[s]". Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). Petitioner only asserts that he "has not been engaging in intentionally dilatory litigation tactics" and that his failure to exhaust his claim was a result of being confined in the Special Housing Unit, in which his access to the law library was limited. Petitioner's conclusory assertions, even if true, fail to establish "extraordinary circumstances" that prevented his timely filing these additional claims. See Holland v. Florida, 560 U.S. ___, 130 S.Ct. 2549, 2560-62 (2010).

3

without merit.

A district court has discretion to stay consideration of exhausted claims while petitioner exhausts his remedies with respect to unexhausted claims. However, a stay is only appropriate when (1) the unexhausted claims are not meritless, (2) the petitioner has good cause for failing to exhaust his claims in state court, and (3) the petitioner has not engaged in intentional delay or abusive litigation tactics. Rhines v. Weber, 544 U.S. 269, 277-78 (2005). Because plaintiff's unexhausted claims are time-barred and therefore meritless, plaintiff's request for a stay and abeyance is denied.

B. Additional Discovery

Petitioner also seeks an order from this court seeking additional discovery or "expansion of the record" in connection with the instant petition. Petitioner appears to be seeking discovery of missing video surveillance footage at issue during his trial and discovery related to the trial court's failure to conduct a pre-trial suppression hearing. Petitioner's very grounds for relief, however, are predicated on his assertions that the video surveillance tape had been improperly destroyed, and that he was wrongly deprived of a pre-trial suppression hearing. Petitioner fails to explain why the existing record is not sufficient for the purposes of the instant petition. Petitioner's claim for additional discovery is therefore denied.

## III. Conclusion

For the reasons set forth above, petitioner's applications for a stay and abeyance and for additional discovery are denied. Petitioner's request for an extension to file a reply is granted in part and denied in part. Though a reply is not required, petitioner may file a reply no later than February 17, 2012. No further extension will be granted by the court.

SO ORDERED.

/S/

Allyne R. Ross
United States District Judge

Dated: December 29, 2011
Brooklyn, New York

5

SERVICE LIST:

**Plaintiff:**

Radames Acosta
# 07-A-6896
Attica Correctional Facility
639 Exchange St.
P.O. Box 149
Attica, NY 14011-0149