UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

RADAMES ACOSTA,
                  Petitioner,

   -against-

SUPERINTENDENT D. ROCK.

               Respondent.

-------------------------------------------------------------------- X

NO. 11-CV-1071(ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

OPINION AND ORDER

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 3 0 2012

BROOKLYN OFFICE

ROSS, United States District Judge:

      Radames Acosta, proceeding *pro se*, petitions this court for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254. He challenges his 2007 conviction, after a bench trial, in Queens

County, for robbery in the first degree, robbery in the second degree, grand larceny in the fourth

degree, two counts of criminal possession of stolen property in the fourth degree, unauthorized

use of a vehicle in the third degree, and criminal possession of a weapon in the fourth degree.

For the reasons set forth below, his petition is denied.

## I. BACKGROUND

      Petitioner was tried, by bench trial, for crimes related to a February 21, 2007, botched

shoplifting attempt of a Home Depot store in Queens County. Because much of the record is not

relevant to the instant petition, a lengthy recitation of the state court proceedings is unnecessary.

      The evidence adduced at trial amply established—and indeed, petitioner never

disputed—that petitioner and his coconspirator, Melinda Rodriguez, attempted to shoplift power

equipment from Home Depot by bringing the merchandise in shopping carts out a side exit and

loading the equipment into a stolen van parked nearby. Under the People's theory of the case,

three "loss prevention" employees of Home Depot—essentially, private security guards—witnessed petitioner and Rodriguez grab power tools from the shelf without looking at their contents and cart them to the fire exit door through an area of the store marked "employees only." When the Home Depot employees confronted petitioner and Rodriguez at the exit, petitioner, wielding an ice pick, lunged towards one of the employees, Michael Becco, and a physical altercation ensued. Petitioner and Rodriguez were subdued, and ultimately were surrendered to police custody. Petitioner's only defense at trial was his assertion that he did not initiate the altercation with the security guards, he did not attempt to flee with stolen merchandise, and he did not possess nor use an ice pick during the altercation. Petitioner conceded guilt at trial to all but the robbery and weapon charges.

For the purposes of this petition, two events relating to petitioner's trial warrant closer attention. First, prior to trial, petitioner moved for a hearing pursuant to Mapp v. Ohio, 367 U.S. 643 (1961), to suppress certain physical evidence that was discovered as a result of the Home Depot loss prevention employees' stop and detention of petitioner near the store's exit. The trial court summarily denied that motion without a hearing on the grounds that the Home Depot employees were not state officials or agents of state officials. Because the employees were merely "private security guards" employed by Home Depot, and not public peace officers, their actions were not subject to the Fourth Amendment. Petitioner challenged this summary dismissal in his appeal to the Appellate Division, Second Department. The Appellate Division agreed with petitioner, finding that the trial court had improperly denied petitioner's motion to suppress physical evidence without a hearing, and remanded the case back to the trial court to hold a hearing "on the purely factual issue of whether or not the security guards were, as he alleged, peace officers . . . . or persons acting as agents of the police." People v. Acosta, 66

2

A.D.3d 792 (2d Dep't 2009) (citation and internal quotation omitted). The trial court held a hearing and issued a report to the Appellate Division, finding that the Home Depot loss prevention employees were indeed private security guards and not peace officers or agents of police officers. The Appellate Division then affirmed the trial court's denial of petitioner's motion to suppress. People v. Acosta, 74 A.D.3d 1213 (2d Dep't 2010).

Second, shortly after the police arrived at the scene on February 21, Police Officer Alexander Verrios and the three employees reviewed video surveillance tape that depicted the entirety of the incident. The Home Depot employees attempted to burn the tape to a compact disc (CD). Sixty days later, the employees gave a copy of the burned CD to the prosecutor, who subsequently discovered that the video data had not been properly transferred and the CD was blank. When a Home Depot employee, Mike Ciniglio, realized that the only other copy suffered from the same defect, he tried to retrieve the original video feed but the Home Depot surveillance system had automatically deleted it. Petitioner made a motion for mistrial at the start of the trial on the grounds that all available video surveillance footage should have been disclosed. The court denied the motion, making a finding that the video surveillance tape had never been in the possession of the police or the prosecutor, and even though it had been viewed by some of the witnesses before it had been destroyed, any prejudice suffered by petitioner could be addressed during cross-examination. At the close of trial, petitioner's counsel requested that the court issue an adverse inference charge as to the contents of the video surveillance tape on the grounds that the People failed to adequately preserve the evidence in its possession. The trial court also denied this motion finding that the People had no obligation to preserve evidence not in its possession. People v. Acosta, 74 A.D.3d 1213 (2d Dep't 2010). Petitioner appealed the trial court's failure to issue the adverse inference charge. The Appellate Division affirmed.

People v. Acosta, 74 A.D.3d 1213 (2d Dep't 2010).

On September 20, 2010 the New York Court of Appeals denied petitioner's application for leave to appeal. People v. Acosta, 15 N.Y.3d 849 (2010).

## II. DISCUSSION

Acosta now raises two arguments in the instant petition, neither of which warrant habeas relief: (1) that the trial court erred by summarily denying petitioner's pre-trial suppression motion without a hearing; and (2) that the trial court erred by failing to give an adverse inference charge with respect to missing video surveillance footage.[1]

### A.    Standard of Review under AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a deferential standard of federal habeas review of state convictions where the state court has adjudicated a petitioner's federal claim on the merits. See 28 U.S.C. § 2254(d). Under the AEDPA standard, the reviewing court may grant habeas relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. The statutory language "clearly established Federal law, as determined by the Supreme Court of the United States" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000); see also Gilchrist v. O'Keefe, 260 F.3d 87, 93 (2d Cir. 2001).

A state court decision is "contrary to" clearly established Supreme Court precedent if "the state court applies a rule that contradicts" Supreme Court precedent or if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme]

---

[1] Both claims were properly exhausted in state court proceedings.

4

Court and nevertheless arrives at a result different from that precedent." Williams, 529 U.S. at 405-06. A decision is an "unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Id. at 413. In determining whether an application was objectively unreasonable, "the most important point is that an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410. A federal habeas court may only "issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." Harrington v. Richter, 131 S. Ct. 770, 786 (2011).

### B.   Pre-trial Suppression

Petitioner argues that the trial court erred in summarily denying his motion to suppress physical evidence without a hearing. Petitioner's argument is moot. The Appellate Division agreed with petitioner's identical argument on direct appeal, and ordered the trial court to conduct a hearing on the factual issue of whether the Home Depot loss prevention employees could be considered state actors for the purposes of excluding evidence under the Fourth Amendment. The trial court conducted that hearing and found that the officers were not peace officers or agents of peace officers and therefore not subject to the Fourth Amendment. To the extent petitioner suffered any injury by being denied his pre-trial hearing, it was cured by the Appellate Division's remand. In any event, as long as the "State has provided an opportunity for full and fair litigation of a Fourth Amendment claim," a federal habeas petitioner is not entitled to relief on the grounds that evidence introduced at trial was recovered as the result of an illegal search and seizure. Stone v. Powell, 428 U.S. 465, 482 (1976). Petitioner received his "full and fair opportunity" to litigate his Fourth Amendment claim. Petitioner's claim that he is entitled to

habeas relief because the trial court erred by denying his suppression motion without a hearing is therefore meritless.

## C.    Adverse Inference

Petitioner's argument that he is entitled to habeas relief because the trial court declined to issue an adverse inference charge with respect to the content of missing video surveillance is also without merit. The court liberally construes *pro se* petitioner's argument to claim that denial of the adverse inference charge rendered his trial fundamentally unfair, or denied the defendant of due process. A state court's jury instructions—or in this case, a bench trial charge—are "primarily matters of state law that do not ordinarily provide a basis for federal habeas relief." Mena v. Smith, No. 03 Civ. 3295 (GEL), 2004 WL 2071668, at *2 (S.D.N.Y. Sep. 16, 2004) (citing Estelle v. McGuire, 502 U.S. 62, 71-72 (1991)). Therefore, it "must be established not only that the instruction [was] undesirable, erroneous, or even 'universally condemned,'" but that it denied petitioner some right guaranteed by the constitution. Cupp v. Nauguen, 414 U.S. 141, 146 (1973); see Middleton v. McNeil, 541 U.S. 433, 437 (2004) ("The question is 'whether the ailing instruction . . . so infected the entire trial that the resulting conviction violates due process.'") (quoting Estelle, 502 U.S. at 72). Petitioner cannot meet this heavy burden.

Because the missing video surveillance footage was never in the actual possession of law enforcement or the prosecutor—other than a defective copy that the prosecutor received from the Home Depot employees—an adverse inference charge would not have been appropriate. See People v. James, 93 N.Y.2d 620, 644 (1999) (holding that the People only have an affirmative obligation to preserve evidence "gathered by the prosecution or its agent") (quoting People v. Kelly, 62 N.Y.2d 516, 520 (1984)). In any event, even if an instruction were justified, whether to give such an instruction is within the sound discretion of the trial court. Welch v. Artus, No.

6

04-CV-205S, 2007 WL 949652, at *46 (W.D.N.Y. March 29, 2007); Mena, 2004 WL 2071668, at *2 (noting that whether to issue an adverse inference instruction where evidence was allegedly mishandled is "discretionary"); see also United States v. Torres, 845 F.2d 1165, 1170-71 (2d Cir. 1988) (holding that the whether to give a missing witness charge is within the district court's discretion). Failure to issue an adverse inference charge in this case was not an abuse of discretion and thus did not render petitioner's trial fundamentally unfair.[2]

Finally, even if the People had possession of videotape surveillance evidence, and it was lost or destroyed, absent a showing that the prosecution or the police acted in bad faith, it is well-settled that petitioner cannot establish a denial of his due process rights. Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988) ("[U]nless a criminal defendant can show bad faith . . . , failure to preserve potentially useful evidence does not constitute a denial of due process."). Here, the trial court found that the prosecutor's copy of the video surveillance was somehow defective, and, by the time he tried to secure another copy, the original recordings had been deleted by Home Depot's automated surveillance process. Even if the prosecutor could have been more diligent by seeking a copy at an earlier time before the original was automatically deleted, petitioner has made no showing that the People acted in bad faith.

Accordingly, petitioner cannot show that the trial court's denial to issue an adverse inference charge was contrary to clearly established federal law. Petitioner's claim is therefore meritless.

---

[2] This is particularly true in the case of a bench trial, where requests to charge often are not even submitted. The trial judge is undoubtedly aware of the permissible inferences he can draw based on the availability or non-availability of witnesses and evidence.

### III. Conclusion

For the reasons stated above, the application for a writ of habeas corpus is denied, and the petition is dismissed. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C.A. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In addition, this court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: March 30, 2012
Brooklyn, New York

SERVICE LIST:

**Petitioner:**

Radames Acosta
# 07-A-6896
Attica Correctional Facility
639 Exchange St.
P.O. Box 149
Attica, NY 14011-0149