FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 17 2013 ★
BROOKLYN OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

RAMADES ACOSTA,

                Petitioner,

-against-

SUPERINTENDENT D. ROCK,

                Respondent.

---------------------------------------------------------------- X

11-CV-1071 (ARR)(LB)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

ORDER

ROSS, United States District Judge:

Petitioner Ramades Acosta filed a motion, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, to vacate the judgment dismissing his petition for a writ of habeas corpus. Dkt. #19. Petitioner asserts that the judgment should be vacated due to "mistake, inadvertence, surprise, or excusable neglect, or as the result of the misconduct of respondent." Id. at 3. He argues that, in denying his petition, the court "just ruled on the one issue raised by the petitioner" and "forgot to review and consider the remaining issues." Id. at 4.

Petitioner's Rule 60(b) motion must be denied because it is untimely. The court dismissed the habeas petition on March 30, 2012, Dkt. #15, and judgment was entered on April 3, 2012, Dkt. #16. Petitioner filed the instant motion to vacate on April 9, 2013. Dkt. #19, at 6. Rule 60 clearly states that a motion for relief from judgment due either to "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or "misconduct by an opposing party," id. 60(b)(3), must be made "no more than a year after the entry of the judgment or order." Id. 60(c). The Second Circuit has stated, "This limitations period is absolute." Warren v. Garvin,

1

219 F.3d 111, 114 (2d Cir. 2000) (internal quotation marks omitted). Petitioner's motion comes more than one year after judgment was entered. Accordingly, the court is "without power to grant relief," Radack v. Norwegian Am. Line Agency, Inc., 318 F.2d 538, 543 n.5 (2d Cir. 1963), on the grounds petitioner urges.

Even if the court were able to consider petitioner's motion, however, his arguments are without merit. Petitioner contends that the court "just ruled on the one issue raised by the petitioner" and "forgot to review and consider the remaining issues." Dkt. #19, at 4. This is not correct. The court considered the two issues petitioner raised in his habeas petition and found that neither provided a basis for granting the writ. See Dkt. #15, at 5-7. The only other issues petitioner raised were in a motion for discovery and expansion of the record, filed after respondent's answer to the petition. See Dkt. #11. The court denied that motion because it found that the additional claims were time-barred under AEDPA's one-year statute of limitations. Dkt. #13. Accordingly, none of the additional claims that petitioner now asserts the court "forgot to review" would provide a basis for relief.

For these reasons, the motion to vacate the judgment is denied.

SO ORDERED.

/S/ Judge Allyne R. Ross

Allyne R. Ross
United States District Judge

Dated: April 17, 2013
Brooklyn, New York

2

**Service List:**

Ramades Acosta
#07-A-6896
Attica Correctional Facility
639 Exchange St.
P.O. Box 149
Attica, NY 14011-0149